UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

QUINTINO D. LIBERTA,

                                  Plaintiff,

v.

MICHAEL S. SMITH, A/K/A JOSEPH MITCHELL,
A/K/A JOSEPH S. JONES,

                                  Defendant.
_____

6:17-CV-0214

(BKS/TWD)

APPEARANCES:

QUINTINO D. LIBERTA
Plaintiff, pro se
8638 Elmer Hill Road
Apt. B
Rome, New York 13440

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

**I.    INTRODUCTION**

This case has been referred to the Court by the Hon. Brenda K. Sannes, U.S. District Judge, for review of Plaintiff Quintino D. Liberta's amended complaint. (Dkt. No. 19.) On July 28, 2017, Judge Sannes ordered Plaintiff's action under 42 U.S. § 1983 dismissed for lack of subject matter jurisdiction without further order unless Plaintiff filed an amended complaint "setting forth the incidents giving rise to the deprivation of constitutional rights, and identifying the state actors or individuals acting in concert with state actors and the roles they played in violating his constitutional rights" within thirty days. (Dkt. No. 18 at 4-5.) For reasons explained below, the Court recommends that the case now be dismissed for lack of federal

subject matter jurisdiction.

## II.   ANALYSIS

Plaintiff, a corrections officer employed by the Oneida County Sheriff's Office, alleges that Defendant, who was an inmate at the Oneida County Correctional Facility, falsely accused him of inappropriately touching him during a strip search conducted by Plaintiff and two other officers on January 19, 2017.  (Dkt. No. 19 at ¶¶ 10-12.)  In his amended complaint, Plaintiff alleges state law claims for defamation or slander, intentional infliction of emotional distress, and a federal civil rights claim under § 1983.  *Id*. at ¶¶ 1, 22, 24-25.  Plaintiff claims he used reasonable force in the strip search, performed while he acting under state law, and did not violate Defendant's Fourth Amendment rights.  Plaintiff also alleges, in a municipal liability claim under § 1983, that at the time of the incident he was acting in accordance with all general policies, procedures, and practices of the Oneida County Sheriff's Department.  *Id*. at ¶¶ 26-27.

Plaintiff, as he did in his original complaint, alleges subject matter jurisdiction over his § 1983 claim against Defendant under the federal question jurisdiction provision at 28 U.S.C. § 1331.[1]  (Dkt. Nos. 1 at 1; 19 at ¶ 4.)  However, as pointed out by Judge Sannes in her dismissal order (Dkt. No. 18 at 3), "[t]o state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law."  *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014).  Plaintiff has failed in his amended complaint, as he did in his original complaint, to allege facts showing Defendant, a private party, wilfully

---

[1] Plaintiff has also alleged federal subject matter jurisdiction under 28 U.S.C. ¶¶ 1343 and 2201 (Dkt. No. 19 at ¶ 4), neither of which, as Judge Sannes explained in her dismissal Order, provides an independent basis for subject matter jurisdiction over Plaintiff's claims.  (*See* Dkt. No. 18 at 1 n.1.)

participated with or acted in concert with a state actor to violate Plaintiff's constitutional rights in support of his § 1983 claim. *See Cambriello v. Cty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) ("[A] private actor acts under color of state law when the private actor is a willful participant in joint activity with the State or its agents" or "act[s] in concert with [a] state actor to commit an unconstitutional act.") (citations and internal quotation marks omitted).

Plaintiff alleges in wholly conclusory fashion in his amended complaint that "[t]he acts and omissions complained of herein arise from the conduct of Defendant Michael Smith while he was acting under color of state law, and each act and omission was committed during his incarceration at the Oneida County Correctional Facility." *Id*. at ¶ 8. Plaintiff has failed to allege facts showing how being an inmate in a municipal correctional facility could, in and of itself, change Defendant's status from private party to state actor. Therefore, Defendant can only be found to have been acting under color of state law under § 1983 if he was acting in concert with a state actor to violate Plaintiff's constitutional rights. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how . . . wrongful.") (citation and internal quotation marks omitted); *Ciambriello*, 292 F.3d at 323 (a private party acts under color of state law only when he is willful participant in joint activity with the State or its agents to violate another's constitutional rights).

Plaintiff alleges that "[a]t all material times, [he,] Officer Liberta[,] was an actor under color of state law." *Id*. at ¶ 11. Plaintiff also alleges specifically that he was acting under color of state law at the time he strip searched Defendant. *Id*. at ¶¶ 24-25. However, Plaintiff has not, nor could he, allege facts showing that he acted in concert with Defendant to violate Plaintiff's

3

own constitutional rights. Therefore, the allegations in Plaintiff's amended complaint fail to show that Defendant acted under color of state law, as required to state a claim under § 1983, and the District Court therefore lacks subject matter jurisdiction over the claim.[2]

A district court must dismiss an action *sua sponte* any time it determines it lacks subject matter jurisdiction. *See Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62-63 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has a duty to dismiss the action sua sponte."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). Plaintiff has already been allowed one opportunity to amend his § 1983 claim to show Defendant was acting under color of state law. The Court does not recommend that he be granted another because it is clear at this point that a better pleading will not cure Plaintiff's inability to do so. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

**ACCORDINGLY**, it is

**RECOMMENDED** that the action be dismissed for lack of subject matter jurisdiction; and it is

**ORDERED** that the Clerk of the Court serve a copy of this Order and Report-Recommendation in accordance with the local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file

---

[2] Plaintiff has also alleged state law claims for defamation and intentional infliction of emotional distress in his amended complaint. (Dkt. No. 19 at ¶ 22.) The Court recommends that the District Court again decline to exercise supplemental jurisdiction over those claims in light of the recommendation of dismissal of the action for lack of subject matter jurisdiction. (*See* Dkt. No. 18 at 4.)

written objections to the foregoing report.³ Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: September 5, 2017
      Syracuse, New York

                                            Thérèse Wiley Dancks
                                            United States Magistrate Judge

---

³ If you are proceeding *pro se* and are served with this report and recommendation/order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation/order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).